ANDRÉS POL SERRANO, Petitioner and Appellee, *v.* DISTRICT COURT OF AGUADILLA, Respondent; MATÍAS SUAU, ETC., Intervener and Appellant.

No. 6495. Argued January 23, 1935.—Decided April 11, 1935.

*Angel Arroyo* for appellant.  *Luis Mercader* for appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

The plaintiff in an action of unlawful detainer took this appeal from a judgment of a Justice of this Supreme Court, rendered in a certiorari proceeding commenced before him by the defendant during the vacation of this court, whereby he set aside an order of the court below refusing to approve the security which the defendant had tendered for his appeal from the judgment and holding that an appeal did not lie for failure to file security within the time granted for such appeal.

The appellant brought, in the District Court of Aguadilla, an action of unlawful detainer against the appellee, wherein a judgment was rendered against the defendant, which was notified to him on August 4, 1933. On the following day, the 5th, the defendant appealed from that judgment and asked the court to fix the amount for which he ought to file security for his appeal, and on the same day

it was fixed at $5,000. On the same day, the 5th, a bond was subscribed and sworn to, but it was not filed with the clerk of ·the court until the 7th, when it was filed without showing that it had been notified to plaintiff. That document was subscribed and sworn to by Hipólito Collazo and Aurelio Lladó as sureties, of whom the first stated that he was the owner of properties in the Municipality of Utuado free of execution and without liens valued in excess of $5,000, upon which properties he pays taxes to the Insular Treasury in excess of $250 annually. The other surety also swore that he was the owner of real estate in the Municipality of Utuado, with real property free of execution and without liens valued in excess of $5,000, upon which he pays taxes to the Insular Treasury in excess of $250 annually. On the following day, the 8th, the plaintiff secured in Utuado certain evidence with respect to the sureties, which he presented on the 9th to the court with a motion not to approve the bond. Notice of this motion was mailed on the same day, the 9th, in the postoffice at Mayagüez, where the attorney for the plaintiff resides, to be delivered in Arecibo, where the attorney for the defendant resides. In this motion it was alleged that the bond ought not to be approved because it was not drafted in accordance with section 355 of the Code of Civil Procedure, and because the sureties do not have sufficient properties for the undertakings. The evidence consists of sworn statements in writing according to which Hipólito Collazo has no property at all registered in the Registry of Property of Utuado and that in the office of the Collector of Internal Revenue there are two receipts in his name, one for 2½ acres (*cuerdas*) of land valued at $50 and another of 9 acres assessed at $180. With respect to Aurelio Lladó, there is a receipt for a property of 62.763 acres valued with the buildings thereon at $2,690, which according to a certificate of the registrar of property is encumbered with three mortgages, one for $3,020 as principal and interest thereon, another for $10,100 as principal, interest, and costs, and another for

$1,500; all three aggregating $14,620. On the 11th of the following August, the district court entered an order refusing to approve the bond and denying the appeal taken by the defendant. Subsequent to the matters to which we have referred above, there is nothing else in the record of the district court with reference to the bond.

On August 15, the defendant Andrés Pol Serrano petitioned a Justice of this Supreme Court during vacation for the issuance of a writ of certiorari to review the order of the District Court of Aguadilla of August 11 to which we have referred, and alleged for that purpose, in so far as it is now pertinent, that on the 11th of August he received by mail in Arecibo a copy of the motion of the plaintiff to quash and dismiss the appeal on the ground that the bond was not filed within five days from July 31 when judgment was entered, and also on the ground that the bond was insufficient; that on the same day, the 11th, he went to Aguadilla to present a motion in writing opposing plaintiff's motion to dismiss, requesting that it be set for hearing as to the solvency of his sureties and, if the court did not find the bond sufficient, to order that new sureties be offered and that he be granted a reasonable time therefor; but that when he arrived in Aguadilla between four and five in the afternoon he was served with notice of the order of the court refusing his appeal, in spite of which on that same afternoon he filed his motion in opposition seeking to have the court reconsider its order of August 11, which was not reconsidered. He also contends that the court erred in a matter of procedure when, without hearing the defendant or giving him an opportunity to defend or to amend the bond or to add sureties, it refused to approve the bond and dismissed the appeal.

The Justice to whom that petition for certiorari was presented, after hearing the arguments of the parties, issued the writ sought. Subsequently, he entered a judgment vacating the order of the district court of August 11, 1933, and thereupon the plaintiff took the present appeal.

In the record of the district court, in the petition for certiorari, and in the order appealed from there are certain references to an attachment in the case, which we have disregarded, because that matter has not been made the subject of an assignment of error on this appeal, and it is separate from the question at issue. Nor is there any controversy as to whether the period of five days granted by the law for appeal from a judgment in an action of unlawful detainer is counted from the date on which judgment was notified by the clerk of the court to the parties or their counsel, as is expressly provided by the amendment of 1929 (Act. No. 11 of 1929, Session Laws, p. 138) to section 11 of the Unlawful Detainer Act. Similarly as to the fact that, according to section 12 of that act, the defendant is not entitled to appeal if he does not file a bond satisfactory to the court to answer for the damages which may be caused to the plaintiff and the costs of the appeal, when the complaint is not based upon the failure to pay the sums agreed upon, nor as to the fact that the bond must be filed within the period granted for the appeal. In brief, the defendant had, according to the law, five days counted from the 5th of August, to appeal and to present the bond required by the act.

While the order of the district court was entered after judgment and was therefore appealable, nevertheless we think that the remedy of certiorari is proper in this case, since, in view of the summary character of the unlawful detainer proceeding, an appeal from said order would not have been an adequate, speedy, and effective remedy, particularly in view of the fact that an error of procedure is set up in that the bond was disapproved without giving the defendant an opportunity to show that the sureties had properties sufficient for the obligation which they undertook.

According to section 12 of the Unlawful Detainer Act and our decisions in the cases of *Figueroa* v. *Sepúlveda,* 24 P.R.R. 645, and *Ramírez* v. *Pérez,* 25 P.R.R. 214, the

period of five days granted by the law to appeal in an action of unlawful detainer may not be extended nor may a new term be granted for such purpose.

■■ The Justice who rendered the judgment giving rise to this appeal, in annulling the order of the lower court refusing to approve the bond tendered by the defendant and as a consequence denying the appeal taken by him, based his decision upon the grounds that when the bond is in any way defective, both the court and the plaintiff must act with the necessary promptness to give the defendant an opportunity to correct such defects or to tender a new bond; that the objection to the bond was filed the same day upon which the term to perfect the appeal had expired and was notified by mail from Mayagüez to Arecibo, when practically there was no time to correct the errors pointed out, to show the sufficiency of the sureties, or to tender a new bond; that the court has a clear duty to examine promptly the bond, so that if it is unsatisfactory, it may be corrected or another bond tendered; and that when the bond was filed, there were two days to run in the period within which the appeal had to be taken, but that the court entered its order two days after it had expired. He cited some decisions of courts in the United States.

We think that the appellant, from whom the law requires a bond on appeal, has the primary duty of filing a bond which fulfills the legal requirements, since otherwise he runs the risk of losing his rights. We do not know of any duty imposed by the law upon the appellee by virtue of which he must necessarily attack the bond in sufficient time for the appellant to correct any defects which it might have or to tender in time another bond, so that he would lose his right to a sufficient bond and would have to continue without adequate security during the time of appeal and until final judgment. On the other hand, the facts in this case show that the appellant was not diligent in tendering his bond, since, although he had the bond executed on August 5, while

there were still four days of the five granted by the law, he kept it and did not tender it until the 7th, when there were only two days left in the legal term. They also show that the plaintiff was extremely diligent in the attack which he made on the bond, since, although the bond was tendered on the 7th without a showing that he was notified, on the following day, the 8th, he investigated in Utuado the properties which the sureties swore that they had there, and presented the evidence secured by him to the court on the following day, the 9th, in order to show that the sureties did not have sufficient property to respond for the sum of $5,000. It is true that the 9th was the last day for the appellant to perfect his appeal, but as to this the plaintiff cannot be blamed or charged with lack of diligence. The appellant was at fault in tendering a bond which did not comply with the requirements of the law, and in failing to tender it on the 5th, the day on which it was executed, when there would have been four days within which it could have been impugned and passed upon by the court. Similarly, no blame can be imputed to the court, since, even though the attack on the bond had been decided on the 10th, the term to correct the bond or to tender a new one would have already expired. In any event, although the order of the court of August 11 might be considered as tardy, even if such error existed, the plaintiff would not be responsible for this error of the court. We have already shown that the plaintiff was in no sense at fault. However, the order appealed from creates a situation in which the appeal may be prosecuted without bond, since, according to the documents presented by the plaintiff, although we decide nothing with respect to them at this time, the sureties do not have property sufficient to guarantee the payment of $5,000.

In spite of what we have said, we believe that the defendant had a right to be heard before refusal to approve the bond, so that he might have an opportunity to show that not only was it properly drafted, but also that his sureties owned

properties sufficient to respond for the obligation which they undertook, notwithstanding the documents presented by the plaintiff. For this sole reason, and for such purpose, the order of the district court of August 11, 1933, must be vacated, and the judgment appealed from which we are deciding, to that extent modified.

Mr. Justice Córdova Dávila took no part in the decision of this case.